134 F.3d 378
 2 Cal. Bankr. Ct. Rep. 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Jumoke OYEDELE, dba Dental Health Associates, Rainbow
Dental Group, Debtor.
Jumoke OYEDELE, Appellant,
v.
UNITED STATES TRUSTEE, Appellee.
 No. 97-16010.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel Ryan, Ollason, and Hagan, Judges, Presiding
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The debtor, Jumoke Oyedele ("Oyedele"), appeals pro se from a decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's denial of discharge under 11 U.S.C. § 727(a)(7). We have jurisdiction pursuant to 28 U.S.C. § 158(d). We affirm.
 
 
 3
 * Oyedele contends that the bankruptcy court erred in denying her petition for discharge because 1) there was insufficient evidence to prove that she intentionally submitted fraudulent documents to the bankruptcy court, and 2) the two bankruptcy petitions were filed more than a year apart and thus are not within the one year requirement of § 727(a)(7).
 
 
 4
 Decisions of the Bankruptcy Appellate Panel are reviewed de novo. Hughes v. Lawson (In re Lawson), 122 F.3d 1237, 1240 (9th Cir.1997). We review "the bankruptcy court's conclusions of law de novo and its findings of fact for clear error." Id. A decision whether to discharge is within the sound discretion of the bankruptcy court and "[w]e must defer to the bankruptcy court's conclusion that the discharge should be denied unless its factual findings are clearly erroneous or it applies the incorrect legal standard." Cox v. Lansdowne (In re Cox), 904 F.2d 1399, 1401 (9th Cir.1990).
 
 
 5
 The relevant subsections of 11 U.S.C. § 727 provide:
 
 
 6
 (a) The court shall grant the debtor a discharge, unless--
 
 
 7
 3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case; (7) the debtor has committed any acts specified in paragraph .. (3) ... of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider....
 
 
 8
 11 U.S.C. § 727 (1996).
 
 
 9
 The bankruptcy court did not err in finding that Oyedele intentionally submitted fraudulent documents to the bankruptcy court in support of a previous bankruptcy petition she filed on behalf of her business. The bankruptcy court's decision was based on 1) the large discrepancies between the monthly operating reports Oyedele filed with the bankruptcy court in San Jose and Oyedele's business income statements, and 2) the bankruptcy court's finding that Oyedele was not a credible witness.[1] These findings of fact are supported by the record and are not clearly erroneous. Therefore, it was not error for the bankruptcy court to find that there was sufficient evidence to deny Oyedele's petition for discharge.
 
 
 10
 Oyedele's second contention, that her second petition is beyond the time requirement in § 727(7), misstates the applicable law. The action that must occur within one year preceding the filing of the current petition is not the filing of a previous bankruptcy petition, but "any acts specified" in the relevant subsections of the statute. 11 U.S.C. § 727(a)(7); see also In re Krehl, 86 F.3d 737, 744 (7th Cir.1996) (focusing on the specific acts as constituting the violation). In this case, the "specified act" is the falsification of documents submitted to the bankruptcy court in San Jose. See 11 U.S.C. § 727(a)(3). Oyedele filed the monthly operating reports on February 8, 1994. The current bankruptcy petition was filed on September 27, 1994. Thus, Oyedela's actions fall within the one year period as provided in § 727(a)(7).
 
 II
 
 11
 Oyedele also contends that the bankruptcy court abused its discretion in denying Oyedele's motion for continuance of the trial. Denial of a continuance is reviewed for abuse of discretion. Hawaiian Rock Prod. Corp. v. A.E. Lopez Enters., Ltd. 74 F.3d 972, 976 (9th Cir.1996). Additionally, we will not disturb a denial of continuance for purposes of discovery unless the party shows "actual and substantial prejudice." Martel v. County of Los Angeles, 56 F.3d 993, 995 (9th Cir.1995) (en banc).
 
 
 12
 Oyedele argues that she needed more time to depose the expert witness presented by the United States Trustee ("Trustee") prior to trial and to obtain documents withheld by the Trustee during discovery. Oyedele fails to show how she was prejudiced by the bankruptcy court's denial of her motion for continuance. The bankruptcy court based its order denying a discharge on the discrepancies between the monthly operating reports submitted by Oyedele to the bankruptcy court in San Jose and her business income statements. The bankruptcy court also relied on the evidence impeaching Oyedele's credibility as-a witness. See note 1, supra. There is no indication in the record or in Oyedele's brief that a continuance would have assisted Oyedele in refuting this evidence.
 
 
 13
 Oyedele also asserts that she was prevented from effectively assisting counsel because she was on pain medication during the trial This assertion also appears in Oyedele's trial brief. Oyedele has presented no evidence to support this argument. Oyedele failed to submit excerpts of trial transcripts relating to this issue for our review. See Fed.R.App.P. 6(b)(2)(ii) (referring to record "assembled pursuant to Bankruptcy Rule 8006"); Friedman v. Sheila Plotsky Brokers, Inc. (In re Friedman), 126 B.R. 63, 68 (B.A.P. 9th Cir, 1991) (finding that the appellant has the burden of providing a sufficient record on appeal pursuant to Bankruptcy Rule 8009(b)(9) and that failure to provide an adequate record may be grounds for affirming bankruptcy court decision). Thus, Oyedele has failed to demonstrate that the bankruptcy court abused its discretion in proceeding with the trial.
 
 III
 
 14
 Oyedele further asserts that the bankruptcy court judge violated her Fourteenth Amendment rights by ordering her out of court during the trial because her baby was crying. Oyedele failed to submit any evidence in support of this assertion. See Friedman, 126 B.R. at 68. Therefore, we cannot consider this argument on appeal.
 
 
 15
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The bankruptcy judge stated that she found Oyedele was not a credible witness for several reasons including, 1) Oyedele's submission of documents in support of her motion for continuance that were inconsistent with assertions made in the same motion, 2) Oyedele's implausible testimony, and 3) Oyedele's claim that she had no familiarity with her financial business statements despite her education and business ability. (Excerpt of Tr. at 149-50.)